KENNETH H. WORTHY *et al. v.* GEORGE S. COLE *et al.*

Where, upon the purchase of a chattel personal, the purchaser gave his note with sureties for the price, and it was agreed by parol between the parties at the time that the chattel should belong to the sureties until the note was paid: *It was held,* That the effect of the agreement was to pass the title to the chattel from the seller to the sureties, and not from the seller to the purchaser, and then from him to his sureties for their indemnity, for in the latter case it would have been a mortgage which would have been void for want of registration.

Where the sureties to a note given by the purchaser for the price of a personal chattel took the title to themseves until the note should be paid, and afterwards the chattel was wrongfully converted by another person, and a judgment was obtained by the seller on the bond against the sureties: *It was held,* That the amount recovered by the sureties for the wrongful conversion of the chattel might be adjudged to be applied to the satisfaction of the judgment obtained on the note.

This was a CIVIL ACTION brought to recover the value of a still which had been taken and converted to their own use by the defendants, tried before his Honor, *Buxton, J.,* at the last term of the Superior Court of MOORE county.

On the trial the facts appeared to be substantially as follows: The still originally belonged to one McKenzie and another, and was sold by them to one J. N. F. Baker, who paid a part of the purchase money in cash, and for the residue thereof gave his note with the plaintiffs, Worthy and John Baker, as sureties. To induce these persons to become his sureties, it was agreed by parol at the time that the title to the still should be in them until the note for the purchase money should be paid. J. N. F. Baker afterwards died and the defendant, Cole, administered upon his estate and sold the still, when the other defendant, Williams, bought it and took it away, both knowing that it was claimed by the plaintiffs. In the meantime a suit had been brought upon the note by the seller and a judgment obtained thereon.

The present suit was brought in the name of the plaintiff, Worthy alone, but afterwards John Baker, the other surety, was by an amendment made a party plaintiff with

him.   Upon the issues submitted to the jury a verdict was rendered for the plaintiffs, assessing their damages to $300, whereupon his Honor gave the following judgment: "Judgment of the Court upon the finding upon the issues that the plaintiffs have judgment against the defendants for $300, which amount being paid into Court shall be applied in exoneration of the plaintiffs' liability upon the note given for the purchase of the still, which note has been reduced to a judgment now pending in this Court as appears of record."   From this judgment the defendants appealed.

*B. Fuller*, *M. Fuller* and *Ashe*, for the defendants.
*N. McKay*, for the plaintiffs.

PEARSON, C. J.   The amendment by which John Baker, the co-surety of the plaintiff, was made party plaintiff, removed all difficulty in respect to parties and to the *quantum* question of damages, for which the plaintiffs were entitled to judgment.

We concur in the view of his Honor in respect to the effect of the parol understanding made at the time of the contract of purchase for the one-half interest of McKenzie in the still, by J. N. F. Baker, who, to induce the plaintiffs to become his sureties for the price, agreed that the title should pass to them until the price was paid.   If the title had passed to J. N. F. Baker, and *afterwards* he had agreed that the title should pass from him to his sureties for their indemnity, the statute requiring mortgages and deeds of trust to be in writing and registered would have applied; but in our case, the title did not pass from McKenzie to the plaintiffs to indemnify them as sureties, and so the statute did not apply.

We also concur with his Honor in the mode of equitizing the whole matter between the parties, so as to require the amount of the judgment to be paid into Court to be applied

*pro tanto* in discharge of the judgment for the purchase money. Under C. C. P., a judgment is "the final determination of the rights of the parties to an action," and this final determination called for an application of the amount for which the plaintiffs had judgment to the debt for the price of the still, thus relieving the sureties and also relieving the defendant, Cole, as administrator of J. N. F. Baker, the principal. This is a more equitable disposition of the fund than if the administrator had been allowed to apply the value of the still in the general course of administration, and fortunately for the sureties they had, by the stipulation that the title should pass from McKenzie to them, put themselves in a condition to enforce the equity.

No error.

PER CURIAM.                    Judgment affirmed.